## WURTZ v INDUST COMM

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9269. Decided May 20, 1929

M C Harrison, Cleveland, for Wurtz.

Arthur Krause, Cleveland, and Gilbert Bettman, Atty Gen., Columbus, for Commission.

**SULLIVAN, J.**

Our Supreme Court has recently passed upon the case affirming the Court of Appeals of this District in what is known as The Industrial Commission of Ohio v. Link, decided Feb. 27, 1929, which in our judgment is decisive of the case at bar, because the question therein considered related to a similar finding by the Industrial Commission of Ohio as the one at bar, which is that the employe had been fully compensated and a denial of further compensation. This Court of Appeals, in the Link case decided that under **Sec. 1465-90 GC.** that an appeal lies to the Court of Common Pleas from a finding that the claimant has been fully compensated and is denied any further participation in the fund.

It is argued by able counsel for defendant in error that such cases as the following. which relate to denials of claims on fundamental grounds, make the Link case supra inapplicable:

**Snyder v. State Library Board of Awards,** 94 O. S. 342

**Dykes v. Industrial Commission,** 17 O. A. R. 384.

**Industrial Commission v. Hogle,** 108 O. S. 363.

**Russetto v. Steel Co.** 12 O. A. R. 189-195.

It is argued that under the section of the code noted, that the decision of the commission upon the questions of extent of liability and amount of compensation, is final because it is not based on jurisdictional grounds. We do not hold this view and it is our unanimous judgment that the Link case supra. to be reported in 120 O. S., and which may be found in The Ohio Bar Association Report, Apr. 2, 1929, governs the case at bar.

It must be remembered that the denial of the right further to participate in the fund is supplemental to the action of the Industrial Commission when it found that there had been full compensation and this creates a status which is jurisdictional in its nature. Otherwise the question of full compensation would not be reviewable upon appeal. whereas the legal rights of the claimant begin from the moment of the original award up until the time the rights of the claimant are satisfied, in accordance with the provisions of the statute, and thus there is a continuing status of questions jurisdictional. We are supported in our views that the Link case supra applies, by the reasoning in **Industrial Commission of Ohio v Phillips, 114 O. S. 607,** and **State ex rel Rowlands v. Industrial Commission of Ohio 118 O. S. 475.**

The salient proposition from a reading of all these authorities appears to be that the finding of the commission not only denying the right of the claimant to receive compensation but to continue to receive compensation, or in other words, to continue to participate in the fund, is such a finding that confers the right of appellability upon the claimant.

Holding these views the judgment of the lower court is hereby reversed and the cause remanded for further proceedings according to law.

Vickery, PJ, and Levine, J concur.